

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0̶2̶-6̶0̶6̶0̶1̶-C̶I̶V̶-LENARD/WHITE
00-6284-CR

DAVID ISRAEL ALTMAN,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/



## ORDER ADOPTING MAGISTRATE'S REPORT

**THIS CAUSE** is before the Court on the Report of United States Magistrate Judge Charlene H. Sorrentino, issued January 8, 2003. (D.E. 9.) Movant filed Objections on January 24, 2003. (D.E. 10.) Upon de novo consideration of the Report, the Objections and the record, the Court finds as follows.

**I.  Introduction**

Movant David Israel Altman, pro se, is challenging his conviction and sentencing following a guilty plea for transportation of child pornography by computer in interstate commerce. Movant was charged by Indictment on September 28, 2000, with five counts of transportation, distribution and possession of child pornography under Title 18 U.S.C. § 2252A. (CR D.E. 1.) On January 18, 2001, pursuant to a written plea agreement, Movant plead guilty to Count One of the Indictment, transportation of child pornography under 18 U.S.C. § 2252A (a) (1). (CR D.E. 21.) The remaining counts were dismissed. On April 20,

2001, the trial court sentenced Movant to 87 months imprisonment and three years supervised release. (CR D.E. 31.) On April 30, 2002, Movant filed a Motion to Vacate pursuant to 29 U.S.C. § 2255 alleging that his conviction violated his right to free speech under the First Amendment. (D.E. 1.) The Government responded to the Motion on July 1, 2002 (D.E. 6) and Movant replied on July 10, 2002 (D.E. 7). On January 24, 2003, after receipt of the Magistrate Judge's Report, Movant filed timely objections. (Obj. at 1.) In the Report, the Magistrate Judge considered the Motion to Vacate, finding that the recent Supreme Court decision in Ashcroft v. Freedom of Speech Coalition, 535 U.S. 234 (2002), does not apply to the present case because the images in Movant's case were those of actual children. (Report at 5.)

### II. Movant's Claim and Objections

In his Motion to Vacate, Movant asserted only one claim. He argued that his First Amendment right to Free Speech had been violated because the images of child pornography, which provided the basis for his conviction, were visual depictions or virtual images. (Mot. at 4.) In his Addendum, Reply to the Government's Response and Objections, Movant argued the first claim and made an additional claim. (D.E. 7, 8, 12.) He argued that his guilty plea was involuntary and in violation the Due Process Clause of the Constitution.

### III. Magistrate's Report

Having reviewed Movant's motion (D.E. 1), the Government's response (D.E. 6), Movant's reply (D.E. 7), the Pre-Sentence Investigation ("PSI"), and the underlying criminal

2

file, the Magistrate Judge recommended that the Motion to Vacate be denied. (Report at 6.) The Magistrate Judge, based her recommendation on the factual findings in the PSI, which stated that the images in Movant's possession included "nude babies and prepubescent children used in sexual acts and sadistic or masochistic material involving children." (PSI page 9 at 27.) Moreover, the Magistrate Judge found that the images were those of real children. She relied on the Government's Response (Report at 5), which indicated that a forensic expert, who examined images from Movant's computer, found that a series of images named "Heather" depicted an actual minor at the time they were created (Resp. at 7).

Furthermore, the Magistrate Judge clarified that the two provisions that were held unconstitutional under Ashcroft (§§ 2256 (8) (B) and 2256 (8) (D)) are not at issue in this case. (Report at 5.) Ashcroft impacted only virtual pornography and not all child pornography. 122 S.Ct. 1389, 1406. Consequently, the Magistrate Judge found that, because images in Movant's case were actual and not virtual children, his First Amendment right to Free Speech had not been violated. (Report at 5.)

### IV.    Analysis

Movant raised two issues in his Objections to the Magistrate Judge's Report. First, he objected to the Magistrate Judge's finding that Ashcroft did not apply, claiming that visual depictions are the same as virtual images. (Obj. at 4.) Second, Movant also discussed his Due Process claim, not addressed in the Magistrate Judge's Report, alleging that he did not specifically plead guilty to knowing that the images were of actual children as opposed to

virtual images. (Obj. at 2.)

Initially, the Court must determine whether these claims are properly before it for review. Case law interpreting § 2255 requires that claims not raised on appeal can only be reviewed if Movant can show "cause" excusing his failure to raise the issues previously and actual "prejudice" resulting from the alleged errors. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 1990); United States v. Frady, 456 U.S. 152, 167 (1982). Actual "prejudice" only results when the claimed error creates an "actual and substantial disadvantage." Frady, 456 U.S. at 170. Movant implies that the recent Achcroft ruling constitutes "cause" and that the elimination of the ban on virtual pornography by the Supreme Court impacts his case such that the requisite "prejudice" results. (Obj. at 5.) In addition, given that the Ashcroft ruling took place after Movant's conviction became final, the Court must also establish that the "new rule" would apply retroactively. The Government, in its Response, conceded that the "new rule" does apply retroactively. (Resp. at 5.) Therefore, the remaining issues are (1) whether Movant's claims can be reviewed under § 2255 and (2) if so, whether they have merit.

### A. Free Speech

Movant contends that in light of the recent Supreme Court decision in Ashcroft, his First Amendment right to Free Speech has been violated. (Mot. at 4.) However, applying the two elements required for review under § 2255, it is clear that the element of "prejudice" has not been satisfied. In Ashcroft, the Supreme Court overturned the ban on virtual

4

pornography, not pornography involving real children. 122 S.Ct. at 1396, 1406. In the instant case, the PSI report indicated that some images were analyzed by a forensic expert who found that a series of images entitled "Heather" involved a real child when they were made. (PSI page 9 at 27.) Since Movant was indicted and plead guilty to transporting images, including "Heather," in interstate commerce, the Ashcroft rule on virtual pornography does not apply to the facts of this case. 122 S.Ct. at 1406. In United States v. Hersh, a conviction for receipt and possession of material containing "visual depictions" of minors engaged in sexual acts was not impacted by the Ashcroft decision because, like here, the images involved were those of real children. 297 F.3d 1233 (11th Cir. 2002). The Court finds that Movant's Free Speech claim is without merit and, consequently, could not have resulted in actual "prejudice."

### B. Due Process

In his Objections, Movant also raises a Due Process claim. He alleges that the Indictment and the Plea Agreement were defective because (1) they did not contain the required element of scienter (Obj. at 2) and (2) they were premised on a statute that was later overturned by Ashcroft (Obj. at 3). These issues were not included in Movant's original § 2255 motion, therefore, he has not alleged "cause" for not raising these issues on appeal or "prejudice." In addition, Movant's first claimed defect is contradicted by the record, as the Indictment (CR D.E. 1) and the Plea Agreement (CR D.E. 21) mirror the statute and state that Movant acted "knowingly." Therefore, it is clear that Movant was appraised by the

Indictment and the Plea Agreement of the required element of knowledge.

The second claimed defect regarding the overturned statute is also without merit. The statute under which Movant was indicted is still valid. As noted above, Ashcroft overturned the ban on virtual child pornography not actual child pornography. 122 S.Ct. at 1396, 1406. Ultimately, because Movant's case involved actual children, not virtual images, Ashcroft does not apply.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge Charline H. Sorrentino (D.E. 9), issued January 8, 2003, is **ADOPTED**.

2. The Motion to Vacate Sentence pursuant to § 2255 (D.E 1), filed April 30, 2002, by Movant David Israel Altman, is **DENIED**.

3. This case is **CLOSED**.

4. All motions not otherwise ruled upon by separate order are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21 day of May, 2003.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Patrick A. White
David Israel Altman, pro se
All counsel of record
02-60601-CIV-LENARD/WHITE