nk/nk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6284-CR-LENARD/WHITE

DAVID ISRAEL ALTMAN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____

### GOVERNMENT'S RESPONSE TO DAVID ALTMAN'S MOTION FOR RETURN OF PROPERTY

Comes Now the Government, by and through the undersigned Assistant United States Attorney, and hereby responds to David Altman's Motion For Return of Property, and in support thereof, states the following:

David Altman has filed a pro se Motion For Return of Property regarding computer disks that were seized from his residence located at 1828 SW 85th Avenue, Pembroke Pines, Florida. Altman asks that the seized property be returned to his "Attorney-in-Fact", Laurinda Lee Brown in Corpus Christie, Texas. The government does not oppose the motion as it respects property that does not contain contraband, that is, visual depictions of child pornography or information relating to the collection of said depictions.

On June 6, 2000 agents of the FBI executed a lawfully obtained search warrant, authorized by United States Magistrate Judge Barry S. Seltzer, at 1828 SW 85th Avenue, Pembroke Pines, Florida. This warrant was sought and issued in connection with a child pornography investigation. As reflected in the attached FBI report, the government seized numerous computer disks and diskettes, a number of which formed the basis for the petitioner's indictment and conviction. In all, over 80,000 images were found. Due to the volume of materials and the location of a substantial number of child pornographic images, the FBI did not examine each of the items seized. On April 25, 2001, the petitioner, after a plea of guilty, was sentenced to 87 months imprisonment and a term of 3 years supervised release.

The government is clearly entitled to retain the property at issue that constitutes contraband. The return of property seized pursuant to a search warrant is governed by Federal Rule of Criminal Procedure 41(e). A motion made under the rule is treated as one involving the equitable jurisdiction of the court. In Re Southeastern Equipment Co. Search Warrant, 746 F. Supp. 1563 (S.D. Ga. 1990). This circuit has assumed jurisdiction over such motions, either in the form of requests under Rule 41(e) or simply through the court's own inherent jurisdiction. Id.; see Richey v. Smith, 515 F. 2d 1239 (5th Cir. 1975). Neither Rule 41(e) nor equitable considerations require this court to order the return of any property lawfully seized under warrant by the government. Industrias Cardoen, Ltda. v. United States, 983 F.2d 49, 51 (5th Cir. 1993).

"A defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." United States v. Francis, 646 F. 2d 251, 263 (6th Cir. 1981). Petitioner Altman makes no allegation that the search warrant was improperly issued nor that the property in dispute was unlawfully seized. In fact, in issuing the warrant this court found that probable cause existed, and its determination of probable cause is entitled to considerable deference.

Illinois v. Gates, 462 U.S. 213, 236 (1983). Where the search and seizure is lawful as herein, a movant under Rule 41(e) must show that the retention of the property is unreasonable. In Re Search of Kitty's East, 905 F.2d 1367, 1375-6 (10th Cir. 1990); United States v. Taft, 769 F. Supp. 1295, 1307 (D. Va. 1991). The advisory committee note to the 1989 amendment to Rule 41(e) states that

> reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.

The government will not allow the petitioner to re-obtain illegal materials. The Court in its Judgment and Commitment has made it a special condition of supervised release that he "shall not buy, sell, exchange, possess, trade or produce visual depictions of minors or adults engaged in sexually explicit conduct." (See attached Judgment In A Criminal Case.)

The government is willing to return the computer disks that "have nothing at all to do with his crime of conviction", as the petitioner requests. It will, however, take some period of time for the FBI to review each of the computer disks and diskettes in order to ensure that they do not contain prohibited materials. According to Special Agent Deborah Cool, the case agent in the instant case, the FBI computer department is backlogged with numerous high priority investigations and prosecutions. Additionally, it will be extremely time-consuming to review the hundreds of disks and diskettes to ensure that they do not contain prohibited materials.

Wherefore, based on the foregoing facts and authority, the Government respectfully requests that the Court grant the petitioner's Motion For Return of Property as it respects disks and diskettes that do not contain contraband, that is, visual depictions of child pornography or information relating

to the collection of said depictions. The government would further request that the Court allow at least 6 months from this date for compliance with the Order.

Respectfully submitted,
MARCOS DANIEL JIMENEZ

By: _____
NEIL KARADBIL
Assistant United States Attorney
Florida Bar No. 219381
500 East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33401
Tel.No. (954)-356-7254
Fax No. (954)-356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 16th day of June, 2003 to: David Israel Altman, Register Number 55477-004, Durham B, Low Security Correctional Institutional, PO Box 999, Butner North Carolina 27509-0999

_____
NEIL KARADBIL
Assistant United States Attorney

-4-

USDC FLSD 245B (Rev. 9/00) - Judgment in a Criminal Case                                           Page 1 of 7

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | (For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 0:00CR06284-001 |
| DAVID I. ALTMAN | |
| | Counsel For Defendant: Robert Berube, AFPD |
| | Counsel For The United States: Kathleen Rice, AUSA |
| | Court Reporter: Richard Kaufman |

FILED by _____ D.C.
APR 2 5 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC §2252A(a)(1) | Transporting child pornography by computer | April 10, 2000 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) REMAINING are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 10/02/1967
Deft's U.S. Marshal No.: 55477-004

Defendant's Mailing Address:
1320 SW 85th Terrace
Pembroke Pines, FL

Defendant's Residence Address:
1320 SW 85th Terrace
Pembroke Pines, FL

Date of Imposition of Sentence:
April 20, 2001

JOAN A. LENARD
United States District Judge

April 25, 2001

USDC FLSD 245B (Rev. 9/00) - Judgment in a Criminal Case      Page 3 of 7

DEFENDANT: DAVID I. ALTMAN
CASE NUMBER: 0:00CR06284-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 87 Months.

The Court recommends to the Bureau of Prisons:

> That the defendant be evaluated at Butner or Springfiled for determination of appropriate psychiatric treatment; that the defendant be designated to a facility in Florida or as close to Florida as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 P.M. on June 19, 2001 unless the Bureau of Prisons orders an evaluation prior to that date.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                        _____
                                            UNITED STATES MARSHAL

                                 By:_____
                                             Deputy U.S. Marshal

USDC FLSD 245B (Rev. 9/00) - Judgment in a Criminal Case                                                                                                    Page 3 of 7

DEFENDANT: DAVID I. ALTMAN
CASE NUMBER: 0:00CR06284-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

06/16/2003 12:00 FAX 9543567336    FORT LAUD USAO    @012/015
Case 0:00-cr-06284-JAL    Document 38    Entered on FLSD Docket 06/17/2003    Page 8 of 11

USDC FLSD 245B (Rev 9/00) - Judgment in a Criminal Case                                    Page 4 of 7

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

- The defendant shall participate in an inpatient/outpatient mental health treatment program, as directed by the U.S. Probation Office. The probationer/supervised releasee will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

(A) The defendant shall have no unsupervised contact with persons under the age of 18 including his minor child.

(B) The defendant shall not be employed in a job requiring contact with persons under the age of 18.

(C) The defendant shall not be involved in any children's or youth organization.

(D) The defendant shall participate in sex offender treatment to include psychological testing if deemed necessary.

(E) The defendant shall not buy, sell, exchange, possess, trade or produce visual depiction of minors or adults engaged in sexually explicit conduct. Further, the defendant shall not correspond or communicate in person, by mail, telephone or computer with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

(F) The defendant shall not possess or use a computer with access to any on-line computer service at any location (including employment), without the prior approval of the United States Probation Officer. This includes any Internet service provider, bulletin board system or any other public or private computer network.

USDC FLSD 245B (Rev. 9/00) - Judgment in a Criminal Case　　　　　　　　　　　　　　　　　　　　　Page 5 of 7

DEFENDANT: DAVID I. ALTMAN
CASE NUMBER: 0:00CR06284-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $ |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC FLSD 245B (Rev. 9/00) - Judgment in a Criminal Case                                     Page 6 of 7

DEFENDANT: DAVID I. ALTMAN
CASE NUMBER: 0:00CR06284-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The fine/restitution is payable to the U.S. COURTS and is to be addressed to:

    U.S. CLERK'S OFFICE
    ATTN: FINANCIAL SECTION
    301 N. MIAMI AVENUE, ROOM 150
    MIAMI, FLORIDA 33132

The fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

USDC FLSD 245B (Rev. 9/00) - Judgment in a Criminal Case                                    Page 7 of 7

DEFENDANT: DAVID I. ALTMAN
CASE NUMBER: 0:00CR06284-001

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 27 |
| Criminal History Category: | II |
| Imprisonment Range: | 78 to 97 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $12,500 to $125,000 |

Fine is waived or is below the guideline range, because of inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.