UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61198-CIV-LENARD/WHITE

00-6284-CR-JAC ✓

DAVID I. ALTMAN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**CLOSED CIVIL CASE**

FILED by _____ D.C.
OCT 19 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER ADOPTING MAGISTRATE'S REPORT AND DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)

**THIS CAUSE** is before the Court on the Magistrate's Report (D.E. 3), issued by United States Magistrate Judge Patrick A. White on September 23, 2004. On October 5, 2004, Petitioner filed Response to Magistrate Judge's Report. (D.E. 4.) Based on a de novo review of the record, the Court finds as follows.

### I.    Introduction

The Petitioner was charged by Indictment on September 28, 2000, with five counts of transportation, distribution and possession of child pornography under Title 18 U.S.C. § 2252A. (Case No. 00-6284-CR-LENARD, hereinafter "CR", D.E. 1.) On January 18, 2001, pursuant to a written plea agreement, Petitioner pled guilty to Count One of the Indictment, transportation of child pornography under 18 U.S.C. § 2252A(a)(1). (CR -



D.E. 21.) The remaining counts were dismissed. On April 20, 2001, the trial court sentenced Petitioner to eighty-seven (87) months imprisonment and three years supervised release. (CR - D.E. 31.) The Petitioner did not appeal his sentence.

On April 30, 2002, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 alleging that his conviction violated his right to free speech under the First Amendment. (Case No. 02-60601-CIV-LENARD, hereinafter "CV-02", D.E. 1, Mot. to Vacate.) Petitioner argued that his First Amendment right to free speech had been violated because the images of child pornography, which provided the basis for his conviction, were visual depictions or virtual images. (CV-02, D.E. 1, Mot. to Vacate at 4.) Petitioner also raised due process claims. (CV-02, D.E. 10, Obj. at 2-3.) On May 21, 2003, this Court denied Petitioner's § 2255 motion to vacate. (CV-02, D.E. 14.) The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on September 16, 2003. (Case No 02-60601-CIV, D.E. 22; see also Case No. 03-13101-H.)

## II. Motion for Immediate Declaratory Relief

On September 15, 2004, Petitioner filed the instant pro se "Motion for Immediate Declaratory Relief" pursuant to Title 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 2201. (Case No. 04-61198-CIV-LENARD, hereinafter "CV-04," D.E. 1, Mot. for Decl. Relief.) The pro se Motion states specifically that, "the Instant Motion is *not* brought pursuant to 28 U.S.C. § 2255, nor should it erroneously be construed as such." Id. at 1. The Petitioner argues at length that this Court has jurisdiction to consider his request for

declaratory relief under Sections 1331, 1343(a)(3), 1343(a)(4) and 2201. Id. at 2-12. The Petitioner then requests declaratory relief on the basis that the term "visual depictions" found throughout Title 18 U.S.C. § 2256 and the statutes it defines is unconstitutionally vague. Id. at 2, 12-18. The declaratory relief sought by the Petitioner is an Order from the Court declaring the Petitioner's conviction vacated and his criminal record expunged. Id. at 20.

### III. Magistrate Report and Recommendation

The Magistrate Judge found that Petitioner's pro se Motion for Immediate Declaratory Relief was in fact a motion to vacate pursuant to 28 U.S.C. § 2255. (CV-04, D.E. 3, Mag. Report at 1.) Because the Petitioner had filed a previous § 2255 motion to vacate, the Magistrate Judge found that the instant motion was a second or successive motion. Id. The Magistrate Judge therefore recommended dismissing the motion, pursuant to 28 U.S.C. § 2244(b)(3)(A), due to Petitioner's failure to seek prior authorization from the Eleventh Circuit Court of Appeals. Id. at 1-3.

### IV. Petitioner's Objections

The Petitioner argues that the Magistrate Judge erroneously construed his Motion for Immediate Declaratory Relief as a Motion to Vacate pursuant to 28 U.S.C. § 2255. (CV-04, D.E. 4, Obj. at 1.) The Petitioner believes that the "gravest injustice" is being committed by the Court, because the statute under which he was convicted is allegedly unconstitutionally vague. Id. at 1-2. The Petitioner further asserts that in order for him to

receive authorization pursuant to 28 U.S.C. §§ 2255 & 2244, he must show that he has newly discovered evidence or a new rule of constitutional law. Id. at 2. He believes that he will be unable to make this showing. Id. In order to avoid an injustice, he requests that this Court construe his Motion in the manner in which it was written, under the provisions of 28 U.S.C. § 1331. Id. at 2.

V.   **Analysis of Petitioner's Objections**

The Petitioner's Motion for Immediate Declaratory Relief, despite its label, is a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Court is not obliged to rely on the title of Petitioner's Motion in determining whether to exercise jurisdiction. Helms v. Blackwell, 367 F.2d 149, 150 (5th Cir. 1966).[1] Instead, this Court is under a duty to exercise jurisdiction on the basis of the factual circumstances involved. Id. Petitioner David Altman is in custody under a sentence of this Court claiming the right to be released upon the ground that his sentence was imposed in violation of the Constitution. His claim clearly falls under the scope of Title 28 U.S.C. § 2255 which states in pertinent part,

> a prisoner in custody under sentence of a court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

Furthermore, although Petitioner styled his Motion as seeking declaratory relief, the declaratory relief sought by the Petitioner is an Order from the Court declaring his conviction vacated. Id. at 20.

The Circuits to have ruled on the issue have found that a federal prisoner seeking relief from his federal sentence is restricted to Section 2255 as his exclusive remedy. Duval v. Willingham, 390 F.2d 203 (10th Cir. 1968), cert denied, 393 U.S. 877, 89 S.Ct. 175; see also Baker v. Sheriff of Santa Fe County, 477 F.2d 118, 119 (10th Cir. 1973)(per curiam); La Van v. Fenton, 607 F.2d 966 (2d Cir. 1979). The Sixth Circuit has reasoned that allowing alternative remedies to prisoners in custody would undermine the procedures established by Congress in AEDPA. United States v. Cruz, 2004 WL 1888787, *1 (6th Cir., issued August 20, 2004)(unpublished opinion). In accord with the Circuit opinions, this Court finds that Petitioner may only seek to vacate his federal sentence pursuant to Section 2255.

In reaching this determination, the Court has considered the Petitioner's arguments that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 2201. In his Motion for Immediate Declaratory Relief, Petitioner asserts that his Motion is not to be construed under Section 2255 and cites two cases in support thereof. (CV-04, D.E. 1, Mot. for Decl. Relief at 1 (citing Downs-Morgan v. United States, 765 F.2d 1534, 1536 (11th Cir. 1991), Granville v. United States, 613 F.2d 125, 126 n.1 (5th Cir. 1980).) In Downs-Morgan, the Court construed a "Petition for Writ of Coram Nobis, Motion for

Leave to Withdraw Plea of Guilty and Motion to Vacate Judgment and Sentence" as a Motion to Vacate pursuant to Section 2255. Downs-Morgan, 765 F.2d at 1536. The case does not support Petitioner's contention that he can seek to vacate his judgment through alternative means than Section 2255. In Granville, the Fifth Circuit construed a Motion to Vacate pursuant to Section 2255 as a Motion in the nature of a writ of error coram nobis. Granville, 613 F.2d at 126 n.1. The writ of error coram nobis is an extraordinary remedy:

> the district courts may exercise in criminal cases - as an incident to their powers expressly granted - a correctional jurisdiction .. analogous to that exercised at common law on writs of error coram nobis...this jurisdiction [is] of limited scope; [the court has power] to vacate its judgments for errors of fact .., in those cases where the errors were of the most fundamental character .. such as [to] render the proceeding itself irregular and invalid.

United States v. Moran, 346 U.S. 502, 508-509, n.15, 74 S.Ct. 247, 251, n.15 (1953). The Petitioner has alleged no fundamental errors of fact that would allow him to proceed with a writ of error coram nobis. Accordingly, the Petitioner has not shown that he is entitled to seek to vacate his sentence through an alternative remedy then Title 28 U.S.C. § 2255.

The Court finds that the instant "Motion for Immediate Declaratory Relief" is therefore properly construed as a Motion to Vacate Pursuant to Section 2255. Because the Petitioner filed a prior Motion to Vacate, he must seek authorization from the Eleventh Circuit prior to this Court exercising jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge (D.E. 3), issued by Magistrate Judge Patrick A. White on September 23, 2004 is **ADOPTED.**

2. Petitioner's Motion for Immediate Declaratory Relief (D.E. 1), construed as a motion to vacate pursuant to 28 U.S.C. § 2255, is **DISMISSED FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3).**

3. All motions not otherwise ruled upon are **DISMISSED AS MOOT.**

4. This case is **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 19 day of October, 2004.

                                                                                    _____
                                                                                    JOAN A. LENARD
                                                                                    UNITED STATES DISTRICT JUDGE

cc:   United States Magistrate Judge Patrick A. White
        David Altman, pro se
        **04-61198-CIV-LENARD/WHITE**