Case 0:00-cr-06284-JAL   Document 51   Entered on FLSD Docket 08/04/2005   Page 1 of 4



FILED by ___ D.C.

AUG 0 3 2005

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S. D. OF FLA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6284-CR-LENARD/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID I. ALTMAN,

    Defendant.

_____/

## ORDER DENYING, WITHOUT PREJUDICE, MOTION TO ENFORCE COURT ORDER

Presently pending before this Court is Defendant Altman's Motion to Enforce Court Order (DE # 49). This motion is referred to the undersigned Magistrate Judge.

On July 14, 2003, the District Court affirmed the Report and Recommendation entered by Magistrate Judge White, and granted Defendant Altman's motion for the Government to return to him computer disks, seized by the FBI during a search of Altman's home, and which are unrelated to his crime. This is the Order to which the present motion is addressed. In that Order, the Court noted that the Government requested six months to comply with Altman's request, and ordered the Government to return within six months from the date of the order (by January 14, 2004), any computer disk or other property which does not contain visual depictions of child pornography or other information relating to the collection of child pornography (DE # 39). Defendant Altman subsequently filed a letter requesting the Court to Order the Government to comply with the District Court's Order (DE # 40). On April 30, 2004, the undersigned ordered the Government to respond to Defendant Altman's motion on or before May 15, 2004 (DE # 42). On July 2, 2004, the undersigned entered an Order requiring compliance



(DE # 43). Thereafter, the Government filed a Notice of Compliance in which it stated that it had returned all readable disks which did not contain pornography and which were not copyright violations (DE # 44). The government provided a detailed inventory of the disks it had seized, as well as a report of the results of its examination of those disks, and it appeared that the government had made all readable disks which were not classified as pornography available for return to the Defendant's designated agent.

Subsequently, the Defendant filed a Traverse to the Government's Response (DE # 45, filed 8/10/04). In his Traverse, the Defendant stated that he wants to ensure that certain disks were returned to him, as well as certain files on the hard drive of his computer. His original request did not encompass files on the hard drive of his computer, and the list of more than 150 disks that he sought appeared to include many of the disks that the government has returned.

Therefore, the undersigned entered an Order finding that the original request to compel compliance with the Court's Order was moot, since the government and the defendant acknowledged that the government has returned disks which are readable and which do not contain pornography. This ruling was without prejudice, however, to the Defendant's right to seek specific disks which the government continued to withhold, if after examination of the disks returned, and consultation with the government, there was a dispute concerning the return of such disks and/or files on the hard drive. The burden was placed on the movant, however, to identify with particularity the disks which were not returned and which he seeks. Prior to seeking further judicial intervention in this matter, the Defendant or his representative to whom the disks were returned were required to review the disks provided by the government, and consult with the government regarding

any missing disks which the Defendant seeks. If there was a dispute over the return of such disks, the Defendant was permitted to file a Motion to Compel the Government to Return Additional Disks.

Rather than file a Motion to Compel the Government to Return Additional Disks after consultation with the government, nine months after the Court deemed moot the above motion, the Defendant filed a Motion to Enforce Court Order. It appears, however, that the Defendant attempted to consult with the government through letter communications sent on March 2, 2005 and in June 2005, to which the government did not respond.

Therefore, on or before August 24, 2005, government counsel, in consultation with the FBI, is required to respond to the Defendant's communications and the request included in the present motion, and attempt to resolve this matter without the need for further judicial intervention. If the parties are unable to resolve the matter, the Defendant may file a document captioned Motion to Compel the Government to Return Additional Disks, which specifies the disks which remain the subject of the dispute.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendant Altman's Motion to Enforce Court Order (DE # 49), is **DENIED** without prejudice to file a Motion to Compel the Government to Return Additional Disks, after consultation with the government.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of August, 2005.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
   United States District Judge
AUSA Neil Karadbil, Esq.
    Facsimile #954-356-7336
David I. Altman, Pro Se
   Low Security Correctional Institution
   Reg. No. 55477-004 Durham-B
   P.O. Box 999
   Butner, NC 27509-0999