**In The United States District Court**
**For The Southern District Of Florida**
**Miami Division**

Case No. 00-62854-CR / LENARD



David I. Altman,
Petitioner,

v.

United States Of America,
Respondent.

---

**Motion For Relief Pursuant To _Fed. Rules of Civ. Proc._, Rule 60(b)(4)**

---

David I. Altman, PRO SE
Reg. No. 55477-004  Durham-B
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999



<u>**Table Of Contents**</u>

**Table Of Authorities**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

   **I.**   **Introduction**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

  **II.**   **The Contours Of 60(b)**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

 **III.**   **Void Judgments**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

 **IV.**   **Timeliness Of The Rule 60(b) Motion**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

  **V.**   **Ambiguity In The Instant Case**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       *A.*  *Ambiguity Defined*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       *B.*  *Statutory Construction*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

       *C.*  *Ambiguity Of The Term "Visual Depictions"*. . . . . . . . . . . . . . . . . . . . .7

       *D.*  *Ambiguity's Effect On The Law*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

 **VI.**   **Conclusion**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## Table Of Authorities

## Cases

*Ashcroft v. Free Speech Coalition*, 525 U.S. 234, 152 L.Ed.2d 403,

    122 S.Ct. 1389 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 8

*Austin v. Smith*, 312 F.2d 337, 343 (D.C. Cir. 1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Bailey v. United States*, 516 U.S. 137, 133 L.Ed.2d 472,

    116 S.Ct. 501 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Battle v. Liberty National Life Insurance Company*, 974 F.2d 1279 (11th Cir. 1992). . . . . . . . . .5

*Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988). . . . .5

*Briley v. Hidalgo*, 981 F.2d 246, 249 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Chapman v. United States*, 500 U.S. 453, 114 L.Ed.2d 524,

    111 S.Ct. 1919 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . .4

*Crosby v. Bradstreet Co.*, 312 F.2d 483 (2nd Cir. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Gonzalez v. Crosby*, 545 U.S. ___, 162 L.Ed.2d 480,

    125 S.Ct. 2641 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Graciette v. Star Guidance, Inc.*, 66 F.R.D. 424, 426 (S.D. N.Y. 1975). . . . . . . . . . . . . . . . . . .4

*Herrera v. Collins*, 506 U.S. 390, 122 L.Ed.2d 203, 113 S.Ct. 853 (1993). . . . . . . . . . . . . . . . .6

*Howe v. Howe*, 179 Va. 111, 18 S.E. 2d 294, 300 (1942). . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*In RE Center Wholesale*, 759 F.2d 1440, 1447 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . .5

*Kraney v. Halsey*, 82 Cal. 209, 22 P. 1137. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Lanzetta v. New Jersey*, 306 U.S. 451, 83 L.Ed. 888,

    59 S.Ct. 518 (1939). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . .4

ii

*Moskal v. United States*, 498 U.S. 103, 112 L.Ed.2d 449,

    111 S.Ct. 461 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*New York v. Ferber*, 458 U.S. 747, 73 L.Ed.2d 1113,

    102 S.Ct. 3348 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pacurar v. Hernly*, 611 F.2d 179, 180-81 (7th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Payne v. Consolidation Coal Co.*, 538 F.Supp. 950, 955 (W.D. Va. 1982). . . . . . . . . . . . . . . . .5

*Pilot Live Insurance Co. v. Dedeaux*, 481 U.S. 41, 95 L.Ed.2d 39,

    107 S.Ct. 1549 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992). . . . . . . 4

*Prou v. United States*, 199 F.3d 37, 47 (1st Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rodd v. Region Construction Co.*, 783 F.2d 89, 91 (7th Cir. 1986). . . . . . . . . . . . . . . . . . . . . .4

*Sorenson v. Secretary of the Treasury*, 475 U.S. 851, 89 L.Ed.2d 855,

    106 S.Ct. 1600 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Taft v. Donellan Jerome, Inc.*, 407 F2d 807, 808 (7th Cir. 1969). . . . . . . . . . . . . . . . . . . . . . 5

*United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.*,

    484 U.S. 365, 98 L.Ed.2d 740, 108 S.Ct. 626 (1988). . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Cardiff*, 344 U.S. 174, 97 L.Ed. 200,

    73 S.Ct. 189 (1952). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. One Color Toshiba Television*, 213 F.3d 147, 157 (3rd Cir. 2000). . . . . . . . . . .3

*United States v. Richardson*, 304 F.3d 1061 (11th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Vinten v. Jeantot Marine Alliances, S.A.*, 191 F.Supp.2d 642, 651-52 (D. S.C. 2002). . . . . . . . . 4

*V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . 3, 4

## Statutes

18 U.S.C. §2252. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §2252A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 8

18 U.S.C. §2256. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7, 8

18 U.S.C. §3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _

28 U.S.C. §2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

## Other Authorities

7 J. Moore, Moore's *Federal Practice* (2nd Ed. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 C. Wright & A. Miller, *Federal Practice and Procedures*. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ballentine's Law Dictionary*, Third Edition (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Black's Law Dictionary*, Seventh Edition (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Fed. Rules of Civ. Proc.*, Rule 60(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

L. Carrol, *Through the Looking Glass & What Alice Found There* 124. . . . . . . . . . . . . . . . . . .10

Rupert Cross, *Statutory Interpretation* 76-77 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*S.Rep.* No. 104-358, at 2 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Webster's II New Riverside University Dictionary* (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

**In The United States District Court**
**For The Southern District Of Florida**
**Miami Division**

David I. Altman,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 00-62854-CR / LENARD

**Motion For Relief Pursuant To *Fed. Rules of Civ. Proc.*, Rule 60(b)(4)**

**COMES NOW** the Petitioner, David I. Altman, PRO SE, and respectfully presents his Motion For Relief Pursuant To *Fed. Rules of Civ. Proc.*, Rule 60(b)(4) in the above-captioned matter.

## I. Introduction

The Petitioner seeks relief pursuant to *Fed. Rules of Civ. Proc.*, Rule 60(b)(4) against the judgment entered by this Honorable Court on May 13, 2001. This matter is not properly viewed as a successive petition under 28 U.S.C. §2255, because it does not raise an issue which would be proper under §2255, or re-raise such an issue, nor does it collaterally attack the sentence or conviction.

The Instant Motion directly addresses the voidness of the judgment below. Because the judgment is void, relief is due. Rule 60(b) provides in part:

> On Motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (4) the judgment is void;

As a matter of procedural history, the Courts have long upheld the constitutionality of 18 U.S.C. §2252, 18 U.S.C. §2252A, and 18 U.S.C. §2256. This changed when the Supreme Court handed down its decision in the case of *Ashcroft v. Free Speech Coalition*, 525 U.S. 234, 152 L.Ed.2d 403, 122 S.Ct. 1389 (2002).

1

In that case, the Supreme Court declared a portion of §2256 to be unconstitutional, as it contained the phrases "*appears to be*" and "*conveys the impression*," referring to "virtual" child pornography, which was protected speech under the First Amendment. The offending phrases were stricken from the statute.

In the Instant Case, the judgment below is void due to a patent ambiguity in the statute, as discussed fully below. Judgments based on unconstitutional statutes fall within the definition of 'void' judgments, and are considered to be void *ab initio*, regardless of when the statute became unconstitutional.

## II. The Contours Of 60(b)

*Fed. Rules of Civ. Proc.*, Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. In some instances, a Rule 60(b) Motion will contain one or more "claims" which might classify it as a second or successive petition under 28 U.S.C. §2255. In most cases, determining whether a Rule 60(b) Motion advances one or more "claims" will be relatively simple. A Motion that seeks to add a new ground for relief, will of course qualify.

A Motion can be said to bring a "claim" if it attacks the Federal Court's previous resolution of a claim on the merits. That is not the case, however, when a Rule 60(b) Motion attacks, not the substance of the Federal Court's resolution of a claim on the merits, but some defect in the integrity of the Federal Habeas proceedings. See, *e.g.*, *Gonzalez v. Crosby*, 545 U.S. ___, 162 L.Ed.2d 480, 125 S.Ct. 2641 (2005).

When no "claim" is presented, there is no basis for contending that the Rule 60(b) Motion should be treated like a habeas corpus application. If neither the Motion itself nor the Federal judgment from which it seeks relief substantively addresses Federal grounds for setting aside the Movant's conviction, allowing the Motion to proceed as denominated creates no inconsistency with the habeas statute or rules. The Instant Motion, which alleges that the judgment below is void, clearly fits this description. See *Id.*

### III. Void Judgments

It has been held that "[f]or a judgment to be void under Rule 60(b)(4), it must be determined that the rendering Court was powerless to enter it." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979). Of course, if the statute or statutes upon which the Court based its judgment are (or become) unconstitutional, that also renders the judgment void.

The Instant Motion does not attack the substance of the Federal Court's resolution of a claim on the merits, but a defect in the integrity of the proceedings below. Therefore, it cannot be properly viewed as an initial or successive petition under §2255. The Petitioner herein seeks Rule 60(b)(4) relief from the judgment entered against him by the District Court. That subsection provides that a Court may relieve a party from a final judgment if "the [final] judgment is void." *Id.*

"Void" judgments are generally open challenge at any time. See *VTA, Inc.*, *supra* (stating that Federal Rules of Civil Procedure 60(b)(4) motions to vacate void judgments may be brought at any time); *United States v. One Color Toshiba Television*, 213 F.3d 147, 157 (3rd Cir. 2000) ("[N]early overwhelming authority exists for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity...") (finding that there is no time limit for filing a Rule 60(b) motion to vacate a void judicial forfeiture judgment).

3

There can be little doubt that if the judgment is void that an attack upon the void judgment may be made in any proceeding, in any Court, where the validity of the judgment comes in issue. 7 J. Moore, Moore's *Federal Practice* §60.25[3], at 240 (2nd Ed. 1983); see *Graciette v. Star Guidance, Inc.*, 66 F.R.D. 424, 426 (S.D.N.Y. 1975).

The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances. See *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). *Vinten v. Jeantot Marine Alliances, S.A.*, 191 F.Supp.2d 642, 651-52 (D. S.C. 2002) ("Fourth Circuit case law suggests that a judgment void for lack of personal jurisdiction presents the exceptional circumstances needed to grant the motion."). The same holds true for a judgment which is void due to an unconstitutional statute.

### IV. Timeliness Of The Rule 60(b) Motion

Rule 60(b)(4) is the appropriate vehicle by which to attack jurisdictional defects of purported judgments. 11 C. Wright & A. Miller, *Federal Practice and Procedures* §2862 at 200 (1973). The time within a Rule 60(b)(4) Motion may be brought is not constrained by reasonableness. *Id.* At 197-98 (time limitations "cannot be enforced with regard to this class of Motion").

This is the express position taken by the First, Fifth, Seventh, Tenth, and D.C. Circuits. See *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992); *Briley v. Hidalgo*, 981 F.2d 246, 249 (5th Cir. 1993); *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988); *Rodd v. Region Construction Co.*, 783 F.2d 89, 91 (7th Cir. 1986) ("The reasonable time criterion of Rule 60(b) as it relates to void judgments means no time limit."); *VTA, Inc.*, *supra* (no time restrictions on a Rule 60(b)(4) motion); *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir. 1971) (same); *Austin v. Smith*, 312 F.2d 337, 343 (D.C. Cir. 1962) (same).

4

Both Wright & Miller and Moore's agree that the principle of laches does not operate as a bar to a Rule 60(b)(4) motion. Wright & Miller §2862 at 197-98; Moore's 60.25[4] at 242. There is no case law to the contrary. *Bludworth Bond Shipyard, Inc.*, *supra* ("No Court has denied relief under Rule 60(b)(4) because of delay"); *Crosby v. Bradstreet Co.*, 312 F.2d 483 (2nd Cir. 1963) (vacating void judgment 30 years after entry); *Taft v. Donellan Jerome, Inc.*, 407 F2d 807, 808 (7th Cir. 1969) (entering challenge to jurisdiction 13 years after final judgment); *Pacurar v. Hernly*, 611 F.2d 179, 180 81 (7th Cir. 1979); *In RE Center Wholesale*, 759 F.2d 1440, 1447 (9th Cir. 1985) ("[A] void judgment cannot acquire validity because of laches."); *Austin*, *supra* (laches never applies); *Battle v. Liberty National Life Insurance Company*, 974 F.2d 1279 (11th Cir. 1992) *(per curiam)* (laches inapplicable to a Rule 60(b)(4) challenge).

Although "time touches defective decrees," it can give them "no vital force." *Payne v. Consolidation Coal Co.*, 538 F.Supp. 950, 955 (W.D. Va. 1982) (quoting *Howe v. Howe*, 179 Va. 111, 18 S.E. 2d 294, 300 (1942)). Any delay by the Petitioner in invoking Rule 60(b)(4), therefore, does not defeat his Motion.

The District Courts have jurisdiction over prosecutions brought under the Federal laws pursuant to 18 U.S.C.A. §3231, which states that "the District Courts of the United States shall have original jurisdiction, exclusive of the Courts of the States, of all offenses against the laws of the United States." 18 U.S.C.A. §3231 (West 2000). "This jurisdiction necessarily includes the imposition of criminal penalties." *Prou v. United States*, 199 F.3d 37, 47 (1st Cir. 1999). The Court in *Prou* explained:

> Once subject-matter jurisdiction has properly attached, Courts may exceed their authority or otherwise err without loss of jurisdiction. See *United States v. Wey*, 895 F.2d 429, 431 (7th Cir. 1990) ... *cf. Blackledge v. Perry*, 417 U.S. 21, 40 L.Ed.2d 628, 94 S.Ct. 2098 (1974) (indicating that only claims that go "to the very power of the State to bring the defendant into Court to answer the charge brought against him" implicate subject-matter jurisdiction).

*Prou*, 199 F.3d at 45 (parallel citation omitted).

5

The Petitioner has never waived his right to raise the issue of voidness, because the Petitioner has not been presented with the opportunity to raise such an argument before the Court. That the Petitioner has not raised this argument earlier is of no moment; such arguments may be brought at any time, and the Petitioner has brought the argument at the time of his own choosing.

### V. Ambiguity In The Instant Case

The inherent patent ambiguity present in 18 U.S.C. §2256 (and therefore in 18 U.S.C. §2252 and 18 U.S.C. §2252A) renders the statutes unconstitutional. Because the statutes are unconstitutional, the judgment of the District Court below is void.

The Petitioner is actually innocent under the standard enumerated in *Herrera v. Collins*, 506 U.S. 390, 122 L.Ed.2d 203, 113 S.Ct. 853 (1993) (stating that " 'actual innocence' is not itself a constitutional claim," but that it can serve as a "gateway" through which a habeas petitioner can "have his otherwise barred constitutional claim considered on the merits"). To the end that the judgment below is void, the Petitioner presents the following framework:

#### A. Ambiguity Defined

Ambiguity is defined as an uncertainty of meaning or intention. *Black's Law Dictionary*, Seventh Edition (1999); a doubtfulness or uncertainty, especially in the meaning of language arising from its admitting of more than one meaning; duplicity in meaning. *Kraney v. Halsey*, 82 Cal. 209, 22 P. 1137, as cited in *Ballentine's Law Dictionary*, Third Edition (1969), and as being liable to more than one interpretation. *Webster's II New Riverside University Dictionary* (1994).

6

### B. Statutory Construction

"Statutory construction … is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme – because the same terminology is used elsewhere in a context that makes its meaning clear." See, e.g., *Sorenson v. Secretary of the Treasury*, 475 U.S. 851, 89 L.Ed.2d 855, 106 S.Ct. 1600 (1986), or because only one of the permissible meanings "produces a substantive effect that is compatible with the rest of the law." See, e.g., *Pilot Live Insurance Co. v. Dedeaux*, 481 U.S. 41, 95 L.Ed.2d 39, 107 S.Ct. 1549 (1987), as cited in *United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 98 L.Ed.2d 740, 108 S.Ct. 626 (1988).

The term at issue here – "visual depictions" – is ambiguous both in isolation and in its used contexts. The remainder of the statutory scheme is no aid in determining the meaning of the term, as the term has been consistently used in referring to both legal and illegal images. The fact that one context is applicable to the intended purpose of the statute is of no import here, as the patent ambiguity still persists.

### C. Ambiguity Of The Term "Visual Depictions"

It has been held that any word or phrase in a statute "must be given its 'ordinary or natural' meaning." *Bailey v. United States*, 516 U.S. 137, 133 L.Ed.2d 472, 116 S.Ct. 501 (1995). However, the term in question in the Instant Case – "visual depictions" – has two distinct and contradictory 'ordinary or natural' meanings, and thus is patently ambiguous.

"Visual depiction" has been defined as follows:

> undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image;
>
> 18 U.S.C. §2256(5)

7

In the Instant Case, the statute the District Court used in rendering its judgment – 18 U.S.C. §2252A – declares that the possession and transportation of "child pornography" has been proscribed. "Child pornography" has been defined as:

> any *visual depiction*, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--
> (A) the production of such *visual depiction* involves the use of a minor engaging in sexually explicit conduct;
>
> 18 U.S.C. §2256(8)(A) (Emphasis added)

Thus, it is clear that the term "child pornography" refers to "visual depictions" thereof, and, as the term "visual depictions" is ambiguous, so then is the term "child pornography." The term "visual depictions" is ambiguous because it is susceptible of to distinct and contradictory definitions.

The first definition is that which describes illegal conduct, that conduct which is rightly repudiated and which is proscribable, as shown in these two examples:

> …works that *visually depict* sexual conduct by children below a specified age.
> *New York v. Ferber*, 458 U.S. 747, 73 L.Ed.2d 1113, 102 S.Ct. 3348 (1982)
> (Emphasis added)

> We have examined the images shown to the Jury. The children *depicted* in those images were real. Of that we have no doubt whatsoever.
> *United States v. Richardson*, 304 F.3d 1061 (11th Cir. 2002) (Emphasis added).

However, the term "visual depictions" is also capable of another equally valid construction – that definition which describes legal conduct, which is not proscribable, as shown in these two examples:

> A provision of the Child Pornography Prevention Act of 1996 (CPPA) (18 USCS § 2252A(a)) prohibited the possession or distribution of "child pornography," which was defined in another CPPA provision (18 USCS §2256(8)(B)) as including any *visual depiction* that "is, or *appears to be*, of a minor engaging in sexually explicit conduct."
>
> *Ashcroft, supra*

8

> Computers and computer imaging technology can be used to "produce ... *visual depictions* of what *appear to be* children engaging in sexually explicit conduct."
> *S.Rep.* No. 104-358, at 2 (1996)

There are many examples of the term "visual depictions" being used to refer to those images which were made using actual child actors. These images themselves are rightly repudiated by those in society of good moral character – such as the Petitioner. It seems, though, that there are just as many examples of the term "visual depictions" being used to refer to "virtual" child pornography, which is repudiated by some – perhaps rightly so – but cannot be proscribed. This, then, is a clear showing of the two distinct and contradictory constructions of this term, and thus an undeniable showing of ambiguity.

The critical question in this case is what degree of ambiguity is necessary in any particular case to comprise ambiguity. *Moskal v. United States*, 498 U.S. 103, 112 L.Ed.2d 449, 111 S.Ct. 461 (1990). In the Instant Case, there is a "grievous ambiguity or uncedrtainty in the language and structure" of the statute. *Chapman v. United States*, 500 U.S. 453, 114 L.Ed.2d 524, 111 S.Ct. 1919 (1991). This is far beyond the ambiguity needed to void the judgement below.

### D. Ambiguity's Effect On The Law

"If, in a particular context, words convey to different Judges a different range of meanings derived from, not fanciful speculations or mistakes about linguistic usage, but from true knowledge about the use of words, they are ambiguous." Rupert Cross, *Statutory Interpretation* 76-77 (1976). The Petitioner has already demonstrated that the term "visual depictions" conveys to different Judges different meanings. Even Congress used the term "visual depictions" to refer to images which are legal and those which are not proscribable.

"Words which are vague and fluid ... may be as much of a trap for the innocent as the ancient laws of Caligula." _United States v. Cardiff_, 344 U.S. 174, 97 L.Ed. 200, 73 S.Ct. 189 (1952). Humpty Dumpty stated it best when he said, "when I use a word ... it means neither more nor less." L. Carrol, _Through the Looking Glass & What Alice Found There_ 124.

"Visual depictions" has two distinct and contradictory meanings, and is therefore patently ambiguous. Thus, the statute is unconstitutional, and the judgement below void therefor. No person may be required at "peril of life, liberty, or property to speculate as to the meaning of penal statutes." _Lanzetta v. New Jersey_, 306 U.S. 451, 83 L.Ed. 888, 59 S.Ct. 518 (1939). Because "visual depictions" is susceptible of two acceptable but contradictory constructions, the dictates of _Lanzetta_ are implicated.

## VI. <u>Conclusion</u>

The term "visual depictions" is patently ambiguous, which renders the statues unconstitutional, and demonstrates that any judgment relying on those statutes is void. Relief is therefore due.

**WHEREFORE**:  For all the foregoing reasons and authorities, the Petitioner, David I. Altman, PRO SE, respectfully urges this Honorable Court to enter an Order **GRANTING** relief.

Respectfully Submitted,

David I. Altman, PRO SE
Reg. No. 55477-004   Durham-B
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

**In The United States District Court**
**For The Southern District Of Florida**
**Miami Division**

David I. Altman,
     Petitioner,

v.

UNITED STATES OF AMERICA,
     Respondent.

Case No. 00-62854-CR / LENARD

## Certificate Of Service

I, David I. Altman, PRO SE, the Petitioner herein, hereby certify that on August 22, 2006, a true and correct copy of the foregoing Motion For Relief Pursuant To *Fed. Rules of Civ. Proc.*, Rule 60(b)(4) was delivered to Prison Authorities for mailing to the parties below, by placing same in an envelope with first-class postage prepaid affixed thereto, and addressing to:

United States District Court
301 N. Miami Ave.
Miami, 33128

United States District Attorney
Kathleen Rice, Esq.
500 E. Broward Blvd.
Ft. Lauderdale, FL 33394

I swear under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2006.

Respectfully Submitted,

David I. Altman, PRO SE
Reg. No. 55477-004   Durham-B
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999