In The United States District Court
For The Southern District Of Florida
Miami Division

David I. Altman,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 00-6284 CR JAL

## Motion For Relief Pursuant To Fed. Rules of Civ. Proc., Rule 59(e)

**COMES NOW** the Petitioner, David I. Altman, PRO SE, and respectfully presents his Motion For Relief Pursuant To *Fed. Rules of Civ. Proc.*, Rule 59(e) in the above-captioned matter.

### I. Introduction

The Petitioner seeks relief pursuant to *Fed. Rules of Civ. Proc.*, Rule 69(b)(4) against the judgment entered by this Honorable Court on September 6, 2006. The matter below was not, and *is not* a civil habeas claim, nor may it be construed as such.

The Motion below directly addressed the District Court's lack of jurisdiction to enter a judgment. Because the District Court lacked jurisdiction, its judgment was void. The Petitioner attacked the integrity of the proceedings below, as opposed to attacking the his sentence or conviction. Since the Petitioner attacked neither his sentence or conviction, the Motion is properly viewed as a 60(b), and not a §2255.

1

## II. <u>Argument</u>

The District Court's denial of a Motion for Relief under 60(b) is reviewed for an abuse of discretion. See <u>Waddell v. Hemerson</u>, 329 F.3d 1300, 1309 (11th Cir. 2003). Here, the District Court denied the Motion without reaching the merits – a fact which establishes a Due Process violation, and demonstrates that the District Court abused its authority in denying the Motion.

Additionally, the Court's classification of the Motion as a *habeas* is improper, as the Motion clearly complied with the directives of <u>Gonzalez v. Crosby</u>, 545 U.S. ___, 162 L.Ed.2d 480, 125 S.Ct. 2641 (2005). For these reasons, the Petitioner seeks reconsideration of the Motion pursuant to *Fed. Rules of Civ. Proc.*, Rule 59(e), and alternatively seeks a Certificate Of Appealability.

## III. <u>Certificates Of Appealability</u>

Section §2253 of Title 28 directs, in relevant part:

> (c)(1) Unless a Circuit Justice or Judge issues a Certificate Of Appealability, an Appeal may not be taken to the Court of Appeals from-
>
> ...
>
> (B) the final order in a proceeding under section 2255 [28 USCS § 2255].
>
> (2) A Certificate Of Appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a Constitutional right.

*Fed. Rules of App. Proc.*, Rule 22(b) mandates the following:

> ... the applicant cannot take an Appeal unless a Circuit Justice or a Circuit or District Judge issues a Certificate Of Appealability under 28 U.S.C. §2253(c). If an applicant files a Notice Of Appeal, the District Judge who rendered the judgment must either issue a Certificate Of Appealability or state why a Certificate should not issue.

*Id*.

The COA (according to the Supreme Court) will issue only if §2253's requirements have been satisfied. Not only is the Petitioner bound under the statutory requirements depicted in §2253(c)(2) and Rule 22(b), but also both the District Court and the Appeals Court. When a habeas applicant seeks a COA, the Court Of Appeals and the District Court must limit their examination to a threshold inquiry in the underlying merits of his claim.

The Supreme Court said it best: "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a Court Of Appeals sidesteps this process by first deciding the merits of an Appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an Appeal without jurisdiction." *Miller-El v. Cockrell*, 537 U.S. 322, 154 L.Ed.2d 931, 123 S.Ct. 1029 (2003).

The Miller-El Court further opined that:

> A Court Of Appeals should not decline the application for a COA merely because it believes the Applicant will not demonstrate an entitlement to relief. The holding in *Slack* would mean very little if appellate review were denied because the prisoner did not convince a Judge, or, for that matter, three Judges, that he or she would prevail. It is consistent with §2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner " 'has already failed in that endeavor.' "

*Id.*, quoting *Barefoot v. Estelle*, 463 U.S. 880, 77 L.Ed.2d 1090, 103 S.Ct. 3383 (1983).

Thus, under this standard, all the Petitioner has to show is that "reasonable Jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Id*.

3

"We do not require Petitioner to prove, before the issuance of a COA, that some Jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every Jurist of reason might agree, after the COA has been granted and the case has received full consideration, that Petitioner will not prevail." *Miller-El*, *supra*.

Accordingly, in the case sub judice, this Honorable Court must view the Petitioner's claims under the directives depicted in §2253(c)(2), and Fed. Rules of App. Proc., Rule 22(b), as interpreted and made application of by the Supreme Court in *Miller-El*. Where a District Court has rejected Constitutional claims on the merits, the Petitioner must only demonstrate that a reasonable Jurist would find the District Court's assessments of the Constitutional claims debatable or wrong to obtain a COA. See *Slack v. McDaniel*, 529 U.S. 473, 146 L.Ed.2d 542, 120 S.Ct. 1595 (2000).

### IV. Reconsideration of The 60(b)

*Fed. Rules of Civ. Proc.*, Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances. When a Rule 60(b) Motion attacks some defect in the integrity of the proceedings below, *Gonzalez*, *supra*, it is not properly viewed as a §2255, but as a 60(b). The Petitioner's Motion attacked the integrity of the Court's judgment, and did not raise an issue concerning the sentence or conviction.

In the challenge brought below, the Petitioner asserted that the Court lacked jurisdiction in the underlying case, and that the Petitioner could not consent to give the Court jurisdiction. This kind of jurisdictional claim could arguably render the judgment void, and the Petitioner should be allowed press his claim. Because the District Court failed to reach the merits of the petition, they have violated the Petitioner's right to Due Process of Law.

4

It is ironic that the Petitioner received word that this Court was acting to deny him freedom five years to the day from when terrorists acted to destroy the freedom of the American people. The Petitioner is seeking to vindicate his rights, just as Mr. Bush is seeking to vindicate the rights of the American people by placing soldiers in Iraq. This Court cannot sit idly by while a Due Process violation is in place. To do so negates the power and effect of the Constitution, which it is this Court's duty to uphold. For these reasons, the Motion should be reconsidered.

The Petitioner also alleges a Constitutional claim which goes "to the very power of the State to bring the Defendant into Court to answer the charge brought against him." *Blackledge v. Perry*, 417 U.S. 21, 40 L.Ed.2d 628, 94 S.Ct. 2098 (1974). Besides having no jurisdiction to render the judgment below due to a Due Process violation caused by an unconstitutional statute, it is clear to the Petitioner that the District Court below had no authority to indict, convict, sentence, or incarcerate the Petitioner in the first place.

The reasoning for this is clear. The Federal Government's reach is very limited. The Petitioner's actions occurred well outside the Federal jurisdiction, and therefore the Federal Government had no authority to hale the Petitioner into Court.

When a person challenges Federal jurisdiction, the Government has the affirmative duty to prove, by conclusive evidence which has been certified and authenticated documentation (*Fed. Rules of Civ. Proc.*, Rule 44(a)(1)), that Federal jurisdiction exists.

The Petitioner believes that the Government cannot produce such evidence, because none exists. The Petitioner's actions violated a Federal statute which has never been passed into positive law. Furthermore, the Petitioner's actions all took place in his house, in the city of Pembroke Pines, in Broward County, in the State of Florida.

Of the Petitioner's house, Pembroke Pines, Broward County, and the State of Florida, the Government cannot show that any of these locations were ever ceded to the United States Government by the people of the State of Florida, as would be necessary to establish Federal jurisdiction. Additionally, the Petitioner avers that the Commerce Clause of the United States Constitution does not reach across Federal jurisdiction to State jurisdiction, and therefore the Federal Government was without authority to hale the Petitioner into Court.

Should this Court permit it, the Petitioner has an omnibus Motion on the merits of the jurisdictional argument which he could file. This omnibus Motion (which is a series of Motions) comprises more than 200 pages of case law, questions, and relevant facts which demonstrate that 1). Title 18 of the United States Code was never passed into positive law; and 2). That the Federal Government's reach did not, and cannot, reach to private activity on land which was not ceded by the State.

If this Court will permit the filing of this omnibus Motion, the Court should so indicate in their answer to the Instant Motion for Reconsideration. The Petitioner avers that the ends of justice will be met by directly addressing the issues presented herein.

The Petitioner's Fifth Amendment Due Process rights were severely and directly affected by the Court's denial of his Motion without reaching the merits. The Petitioner's Fifth Amendment Due Process rights were also severely and directly affected by the Court's lack of jurisdiction to render the judgment below. Most importantly, the Petitioner's Fifth Amendment Due Process rights were also severely and directly affected by the Court's lack of jurisdiction to hale him into Court in the first place, due to a lack of Federal jurisdiction.

These denials of Due Process, both separately and together, demonstrate a Constitutional violation of extreme magnitude. This issue is surely debatable among Jurists of reason, and adequate to deserve encouragement to proceed further. *Miller-El*, *supra*.

### VI. Conclusion

**WHEREFORE:** For all the foregoing reasons and authorities, the Petitioner, David I. Altman, PRO SE, respectfully urges this Honorable Court to enter an Order **GRANTING** relief in the Instant Case.

Respectfully Submitted,

/s/ David I. Altman

David I. Altman, PRO SE
Reg. No. 55477-004  Durham-B
Low Security Correctional Institution
P.O. Box 999
Butner, NC 25709-0999

In The United States District Court
For The Southern District Of Florida
Miami Division

David I. Altman,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 5:00-CR-87-2

### Certificate Of Service

I, David I. Altman, PRO SE, the Petitioner herein, hereby certify that on September 12, 2006, a true and correct copy of the foregoing Motion For Relief Pursuant To *Fed. Rules of Civ. Proc.*, Rule 59(e) was delivered to Prison Authorities for mailing to the parties below, by placing same in an envelope with first-class postage prepaid affixed thereto, and addressing to:

United States District Court
301 N. Miami Ave.
Miami, FL 33128

Assistant United States District Attorney
Anne Rice, Esq.
500 Broward Blvd.
Ft. Lauderdale, FL

I swear under penalty of perjury that the foregoing is true and correct. Executed on September 12, 2006.

Respectfully Submitted,

David I. Altman, PRO SE
Reg. No. 55477-004  Durham-B
Low Security Correctional Institution
P.O. Box 999
Butner, NC 25709-0999



Name: David Altman Seymour
Number:
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

United States District Court
301 N. Miami Ave.
Miami, FL 33128