# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06284-CR-LENARD/TORRES[1]

**DAVID I. ALTMAN,**

    Petitioner,

vs.

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF PURSUANT TO FED. RULES OF CIV. PROC., RULE 59(E) (D.E. 59)

**THIS CAUSE** is before the Court on Petitioner's Motion for Relief Pursuant to Fed. Rules of Civ. Proc., Rule 59(e) (D.E. 59), filed on October 3, 2006. No Response has been filed. Having reviewed the Motion, and being fully advised of the premises, the Court finds as follows.

On September 6, 2006, the Court issued an Order denying Petitioner's Motion for Relief Pursuant to Fed. Rules of Civ. Proc., Rule 60(b)(4) without prejudice (D.E. 56), finding that the Motion might raise a civil habeas claim. Subsequently, on October 3, 2006, Petitioner filed the instant Motion, seeking either to alter or amend the Court's September 6, 2006 judgment or, in the alternative, a Certificate of Appealability on such judgment. (D.E. 59 at 1-2.)

---

[1] Pursuant to Administrative Order 2006-18 and beginning July 24, 2006, Magistrate Judge Edwin G. Torres has been temporarily paired with Judge Lenard for all new case assignments, all new referrals in existing cases, and all matters previously referred to Magistrate Judge Theodore Klein.

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." As stated above, the judgment at issue in the instant Motion was filed on September 6, 2006 and Petitioner filed the instant motion on October 3, 2006. Accordingly, Petitioner's Motion to Alter or Amend the Judgment pursuant to Rule 59(e) must be denied as untimely.

The Court must now determine whether a Certificate of Appealability ("COA") shall issue in this case. See Edwards v. United States, 114 F.3d 1083, 1084-85 (11th Cir. 1997) (citing 28 U.S.C. § 2253(c)). Generally, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner Altman "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner has failed to make this requisite showing. The Court denied Petitioner's Motion for Relief Pursuant to Rule 60(b)(4) because it was brought in Petitioner's criminal case rather than as a separate civil habeas action. (D.E. 56.) Tellingly, Petitioner has filed two previous civil habeas petitions raising essentially the same issue, both of which were denied by this Court. (See Case No. 02-60601-CIV-LENARD/WHITE, D.E. 14; Case No. 04-61198-CIV-LENARD/WHITE, D.E. 5.) Petitioner has failed to demonstrate that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that:

1. Petitioner's Motion for Relief Pursuant to Fed. Rules of Civ. Proc., Rule 59(e) (D.E. 59-1), filed on October 3, 2006, is **DENIED**.

2. Petitioner's alternative a Motion for Certificate of Appealability (D.E. 59-2), filed October 3, 2006, is **DENIED,** and a Certificate of Appealability **SHALL NOT ISSUE** in accordance with the above analysis and pursuant to 28 U.S.C. § 2253(c).

**DONE AND ORDERED** in Chambers at Miami, Florida this _24_ day of October, 2006.

                                                                        _____
                                                                        **JOAN A. LENARD**
                                                                        **UNITED STATES DISTRICT JUDGE**

cc:  U.S. Magistrate Judge Edwin G. Torres

       All Counsel of Record

       **Case No. 00-06284-CR-LENARD/TORRES**

       **ORDER DENYING PETITIONER'S MOTION FOR RELIEF PURSUANT TO FED. RULES OF CIV. PROC., RULE 59(E) (D.E. 59)**