# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 27, 2008

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813



**Appeal Number: 06-15376-EE**
Case Style: David I. Altman v. USA
District Court Number: 00-06284 CR-JAL

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: three volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 06-15376

District Court Docket No.
00-06284-CR-JAL

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Mar 31, 2008
THOMAS K. KAHN
CLERK

DAVID I. ALTMAN,

        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

        Respondent-Appellee.



A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
MAY 2 7 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:   March 31, 2008
For the Court:   Thomas K. Kahn, Clerk
By:   Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15376
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-06284-CR-JAL

DAVID I. ALTMAN,

                                                                           Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                                           Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2008)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

      David I. Altman, a former federal prisoner proceeding pro se, appeals the district court's denial of his Fed. R. Civ. P. 60(b)(4) motion for relief from his

criminal judgment. Altman was sentenced to 87 months imprisonment and three years of supervised release for knowingly transporting and shipping child pornography in interstate and foreign commerce by computer. On appeal, Altman argues that the term "visual depictions," as used in his statute of conviction, 18 U.S.C. § 2252A(a)(1), is unconstitutionally ambiguous because it can refer to both pornography that illegally shows actual children and pornography that permissibly uses images that only appear to be children. Alternatively, he argues that if relief is not available under Fed. R. Civ. P. 60(b)(4), this Court should address the merits of his claim under the plain error standard of review.

We generally review the denial of a Rule 60(b) motion for abuse of discretion. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). However, we review de novo a district court's ruling on a Rule 60(b)(4) motion to set aside a judgment as void. Id.

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). However, Rule 60(b) does not provide for relief from judgment in a criminal case. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). In some limited circumstances, Rule 60(b) can provide relief

2

from an earlier denial of a § 2255 petition. See Gonzalez v. Crosby, 545 U.S. 524, 533-36, 125 S. Ct. 2641, 2648-50 (2005). In other circumstances, a Rule 60(b) motion is treated as a second or successive habeas corpus petition, and is therefore subject to the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996). See Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996).

Here, the district court did not err in denying Altman's Rule 60(b) motion to void his criminal judgment because such relief is not available under Rule 60(b). Construing the motion as a successive habeas petition does not afford Altman relief either.[1] Altman filed his Rule 60(b) motion after the denial of his § 2255 petition. Altman's subsequent motion for a certificate of appealability was also denied. Therefore, Altman has not fulfilled the procedural requirements necessary for a successive habeas petition to proceed. See 28 U.S.C. § 2244(b)(3)(A) (2006); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (affirming district court denial of a Rule 60(b) motion construed as a successive § 2255 motion when the defendant had not received authorization to file a successive habeas petition). Finally, because a Rule 60(b) motion is not the proper motion by which to attack a criminal judgment,

---

[1] We note that Altman was released from prison while this appeal was pending. Altman is currently under supervised release, which would likely meet the "in custody" requirement of § 2255. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).

we decline to address the merits of Altman's claim under the plain error standard of review. Accordingly, the judgment of the district court is

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia