UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CR-06284-JAL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID I. ALTMAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON APPLICATION TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF FEES OR COSTS

**THIS CAUSE** comes before the Court on the Application to Proceed on Appeal Without Prepayment of Fees or Costs filed by Defendant David I. Altman (ECF No. 105). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), by the Honorable Joan A. Lenard, United States District Judge (ECF No. 106). Upon consideration of the Motion and being otherwise duly apprised of the circumstances, the undersigned hereby **RECOMMENDS** that Defendant's Motion be **DENIED**, as follows.

Because it is fundamental to our system of justice that the courthouse doors will not be closed to persons based on their inability to pay a filing fee, a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed in forma pauperis).

Section 1915 sets forth certain financial requirements for a litigant seeking to proceed in

1

forma pauperis, but even a litigant who meets those requirements will be precluded from taking an appeal in forma pauperis where the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). As other courts in this district have found, "a defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous." *United States v. Groover*, No. 13-80038-CR, 2014 WL 12908210, at *1 (S.D. Fla. Apr. 14, 2014) (quoting *United States v. Buitrago*, No. 96–00067, 2009 WL 2076324, at *2 (S.D. Fla. July 13, 2009) (citing *United States v. Alvarez*, 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007)) (internal quotations omitted). Under Eleventh Circuit precedent, those appeals "without arguable merit" are deemed frivolous. *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

Defendant here seeks to appeal the Court's prior order denying his Motion for Hearing (ECF No. 100). The Court previously denied Defendant's Petition for Writ of Error Coram Nobis on the grounds that Defendant could have raised the same argument on direct appeal or in an earlier § 2255 motion, which he failed to do (ECF No. 95 at 7,8 (citing *United States v. Woods*, 828 F. App'x 585, 588 (11th Cir. 2020) (holding that the defendant's vagueness challenge to 18 U.S.C. § 2113(d) was improperly brought in a petition for writ of error coram nobis because the claim could have been brought under Section 2255)); *United States v. Johnson*, 824 F. App'x 873, 875 (11th Cir. 2020) (affirming denial of petition for writ of error coram nobis because the petitioner's claim was "essentially" an ineffective assistance of counsel claim which could have been raised in a section 2255 motion) (citing *United States v. Patterson*, 595 F.3d 1324, 1328-29 (11th Cir. 2010)); *Embrey v. United States*, 240 F. Appx 791, 794 (10th Cir. 2007) (stating that the writ of error coram cannot "be employed to litigate issues that were or could have been raised on direct appeal or in other, collateral litigation")).

Despite this denial, Defendant nevertheless then moved for an Entry of Default under Rule

55(a) on the basis that the government's failure to respond to his petition warranted entry in his favor (ECF No. 96). The Court likewise denied Defendant's Motion given its prior ruling that Defendant's claims were without merit (ECF No. 97). Not to be deterred, Defendant filed a Motion for Hearing, reasserting the same entitlement to relief offered in his previous briefing and arguing he had a right to a hearing on the matter (ECF No. 99). Noting that Defendant sought to collaterally attack his criminal convictions, the Court found that affirmative relief under Rule 55(a) simply did not apply (ECF No. 100 (adding that this fact notwithstanding, the government's failure to respond to a collateral attack on a criminal conviction does not entitle a petitioner to default judgment in his favor) (citations omitted)). Accordingly, the Court denied Defendant's Motion for Hearing (*id.*).

Defendant now seeks to appeal the Court's denial of his Motion for Hearing (ECF No. 101)—a Motion that was itself predicated on the Court's denial of his Request for Default (ECF No. 99). As has been explained to Defendant under no uncertain terms, however, this argument is without merit, as (1) an Entry of Default under Rule 55(a) is inapplicable in the context of a collateral attack on a criminal conviction, *see Allen*, 424 F.2d at 138; and (2) even if that were not the case, the government's failure to respond does not entitle a litigant to default judgment where he raises a collateral attack on his prior criminal conviction, *see Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987).

In light of the fact that Defendant's claim that he is entitled to a hearing on the matter of whether he is entitled to default judgment is entirely meritless, the Court cannot now certify that Defendant's appeal is taken in good faith. Accordingly, the undersigned hereby **RECOMMENDS** that Defendant's Motion for Leave to Proceed In Forma Pauperis on Appeal (ECF No. 195) be **DENIED.**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** this 15th day of October, 2021, at Miami, Florida.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE